IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

McGARRETT BERNARD LAWSON,

        Plaintiff

VS.

JAMES BERGMAN, *et al.*,

        Defendants

NO. 5:05-CV-311 (WDO)

**PROCEEDINGS UNDER 42 U.S.C. §1983**
**BEFORE THE U. S. MAGISTRATE JUDGE**

# RECOMMENDATION

Before the court is the defendants' motion seeking summary judgment against plaintiff McGARRETT BERNARD LAWSON in the above-styled case. Tab #19. On June 9, 2006, the undersigned notified plaintiff Lawson that a motion for summary judgment had been filed against him and ordered him to file a response to that motion within thirty days of that order. Tab #20. The plaintiff has failed to respond to the defendants' motion. However, it is the obligation of the court to ensure that the standards for summary judgment are met.

**SUMMARY JUDGMENT STANDARD**

As previously indicated to the plaintiff in the court's notice (Tab #20), Rule 56(c) of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are <u>no</u> genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment <u>cannot rest on his pleadings</u> to present an issue of fact but <u>must make a response</u> to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution. ***See Van T. Junkins & Assoc. v. U.S. Industries, Inc.***, 736 F.2d 656, 658 (11th Cir.1984).

## DISCUSSION

Plaintiff LAWSON has failed to respond to defendant's motion for summary judgment despite specific direction from the court to do so. Accordingly, this court finds the facts as set forth by the defendants in their motion and Statement of Undisputed Material Facts (Tab #19) and further finds that there is no genuine dispute on any issues raised by the plaintiff.

The plaintiff alleges that the defendants violated his due process rights when they denied his request for an attorney at his preliminary hearing. Based on the evidence in the record, it is unquestioned that the defendants took into consideration the minimal due process rights guaranteed a parolee as the Supreme Court outlined in ***Morrissey v. Brewer***, 408. U.S. 471 (1972) and concluded that with an eleventh grade education and adequate ability to communicate for himself, the plaintiff was not entitled to counsel at his hearing.

As an additional matter, even if the defendants had violated the plaintiff's rights by not affording him counsel, the law that would establish that violation has not been clearly established by the Supreme Court of either the United States or of Georgia or the Eleventh Circuit and therefore the defendants are entitled to qualified immunity on this matter.

Accordingly, IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT (Tab #19) be GRANTED as uncontested. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof. The clerk is directed to serve the plaintiff with a copy of this recommendation by mailing it to the **LAST ADDRESS** provided by him.

SO RECOMMENDED this 2nd day of February, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE